AMY M. BURLAND v. THE NORTHWESTERN MUTUAL BENEFIT ASSOCIATION.

*Mandamus—Breach of contract of mutual insurance.*

*Mandamus* proceedings do not adjudicate rights, but are a mode of enforcing existing rights or compelling the performance of acknowledged duty.

The award of *mandamus* concludes nothing, and cannot be pleaded in bar; and its denial will not sustain error.

If a mutual benefit association fails to pay the amount due upon the death of a member whom it has agreed to insure to the extent of a certain sum for each certificate in force, the remedy is by an action for breach of contract, especially if the liability is disputed; and not by *mandamus* to compel the company to assess its members in order to make up the amount due.

A private corporation cannot, by entering into a peculiar form of contract, avoid an action at law for its breach, or give an appellate court original jurisdiction for the collection thereunder of money demands against it; nor will its insolvency, or the fact that it cannot meet such demands until it has raised the necessary funds, confer such jurisdiction.

Case made from Superior Court of Detroit.    Submitted January 5.    Decided January 11.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*Moore & Moore* for plaintiff in error.

*Ervin Palmer* and *Charles S. May* for defendant in error.    Mandamus is the only remedy to compel the officers of a corporation to perform a ministerial duty, such as assessing members : High Ext. Rem. § 285 ; *State v. Trustees* 4 Ind. 495 ; *People v. State Ins. Co.* 19 Mich. 392 ; *Firemen's Ins. Co. v. Baltimore* 23 Md. 297 ; *State v. Board of Trustees* 4 Nev. 400.

MARSTON, J.    The plaintiff in error brought an action of *assumpsit* upon a certificate of membership issued by the defendant, wherein for a consideration it agreed to " insure the life of John H. Burland in the amount of such sum as will equal eighty cents for each certificate in force at the time said amount is received at the home office, and not to exceed four thousand dollars."    This amount was to be paid to the said J. H. Burland at the expiration of a certain period if he should be then living, and if not living to Amy M. Burland, his wife, within sixty days after due notice and proof of his death.

The declaration alleged the death of J. H. Burland; that at the time of his death five thousand life certificates were in force, proof of his death being made and given the company, and a failure to pay.

The defendant put in a plea of the general issue, and gave notice therewith that John H. Burland obtained said certificate by making false and fraudulent statements and representations in his application therefor.    After the evidence was introduced the court directed the jury to find a verdict for the defendant.

In support of the ruling of the court below, it was argued in this court that the plaintiff had failed to show any money in the company's hands to pay this loss, but on the contrary

had shown that no assessment had been made to pay it; that the undertaking of the company was to make an assessment in case of death, and that returns from such assessment only could show how many certificates were remaining in force; that no amount was due the plaintiff until the money, the fruit of such assessment, was received at the home office, as it was eighty per cent. of such assessments the company promised to pay. It was also farther argued that the board of trustees having declined to order an assessment, *mandamus* to compel them was the only remedy open to the plaintiff.

In a case like the present, *Bates v. Detroit Mutual Benefit Association*, application was made at the last October term for a *mandamus* to compel an assessment. The application was denied, as the court was of opinion that *mandamus* was not the proper remedy. No written opinion was filed.

The case presented is one of contract between parties and a breach thereof, and even should we accept as correct the argument of counsel as to the nature of the agreement, still the conclusion would not follow that *mandamus* was the proper remedy. Such a writ does not purport to adjudge or decide any right. It is rather in the nature of an award of execution than of judgment. It is the mode of *compelling* the performance of acknowledged duty or *enforcing* an existing right rather than deciding what that right or duty is. The award is no finality. It concludes nothing. If the writ is denied, the relator cannot have error, and if granted, the award could not be pleaded in law. *Layton v. State* 28 N. J. 575, cited in *McBride v. Common Council* 32 Mich. 364.

If the writ were issued in this case, it could not direct the payment of any specific amount, as that is dependent upon the number of certificates in force at a given time, which must first be ascertained, so that a question might arise whether it would not be necessary to issue several in order to give the party adequate relief. But why should this be done while the defendant company denies all and any liability because of fraud or false representations? Here is a

question that should first be settled, and manifestly an ordinary trial in a court of law is the proper way of so doing.

The argument that the company has no funds to pay a judgment, if one is recovered, can be no reason for issuing the writ. If it were, this court might be under the necessity of issuing it in the case of insolvent debtors generally. Indeed, it may be said that a private corporation cannot, by the peculiar form of contract it enters into with individuals, nor because of its insolvency, or both, avoid an action at law upon a breach of its agreement, or confer original jurisdiction upon this court for the collection of money demands.

The judgment of the Superior Court must be reversed with costs and a new trial granted.

The other Justices concurred.