THE COVENANT MUTUAL BENEFIT ASSOCIATION OF ILLINOIS

*v.*

EDWARD J. SEARS *et al.*

*Filed at Ottawa May 15, 1885.*

1. INSURANCE— *mutual benefit association—contract construed as to payee or beneficiary.* A mutual benefit association, the charter and by-laws of which declared its object and business should be to afford financial aid and assistance to the widow, orphans, heirs or devisees of deceased members, issued a certificate of membership to a member, which provided that upon proof of his death, he having complied with its conditions, an assessment should be levied upon the surviving members to the amount of the certificate, ($5000,) which "sum so collected on such assessments (less expenses and collection costs) the association hereby agrees well and truly to pay, or cause to be paid, as a benefit to his devisees, as provided in last will and testament; or in the event of their prior death, to the legal heir or devisees of the certificate-holder:" *Held,* that the promise was, in substance, to pay to his devisees if there should be devisees to take, and if not, then to pay to his heirs, and that they might recover on the same.

2. CHANCERY—*jurisdiction to enforce payment of benefits promised.* A mutual benefit association, a corporation not organized for pecuniary profit, having no surplus, and relying entirely upon mortuary assessments made upon each death of a member for the payment of benefits to the beneficiaries of decedent, gave a certificate of membership to a member, in the sum of $5000, whereby it promised, upon proof of his death, that an assessment should be levied upon the surviving members to the amount of the certificate,

which sum, when collected, less the expenses and collection costs, it would pay to his devisees, in case he left any, and if he left none, to his legal heirs. It was *held*, that a court of chancery might properly take jurisdiction of a bill brought by the heirs of the deceased member to enforce payment of the certificate, by compelling a specific performance of the contract.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. McKENZIE & CALKINS, for the appellant:

Appellees claim that the amount named in the certificate is due and payable to them; that it is an executed contract; that they have fully performed the conditions, and that nothing remains but the payment of money. If so, their remedy is at law. *Jones* v. *Newhall,* 115 Mass. 97; *Lane* v. *Adams,* 19 Ill. 167; *Thomas* v. *Caldwell,* 50 id. 138; *Long* v. *Barker,* 85 id. 431; *Puterbaugh* v. *Elliott,* 22 id. 157.

When the consideration on the part of the plaintiff is executed, and the thing to be done on defendant's part is mere payment of a sum of money due immediately, this constitutes a debt, for which the plaintiff may declare in the general count of an *indebitatus assumpsit. Canal Co.* v. *Knapp,* 9 Pet. 466; *Thomas* v. *Caldwell,* 50 Ill. 138; *Throop* v. *Sherwood,* 4 id. 98; *Walier* v. *Brown,* 28 id. 378; *First National Bank* v. *Hart,* 55 id. 62.

Then, if appellees, under the allegations of their bill, were entitled to recover, they had a clear and complete remedy at law, and could have filed a declaration in assumpsit, on the common counts, and obtained a judgment for the amount claimed, viz, $5000. Rev. Stat. 1874, chap. 10, sec. 10; *Insurance Co.* v. *Nelson,* 65 Ill. 417; *Life Ins. Co.* v. *Palmer,* 81 id. 91.

The fund in this case was made payable to "his devisees, as provided in last will and testament, or in the event of their prior death, to the legal heir." The contract must be held as expressing the entire and exact meaning of the parties,

and no evidence of extrinsic matters or usages can be received to vary its terms.   *Fire Ins. Co.* v. *Eddy,* 49 Ill. 109 ; *Sanford* v. *Rawlings,* 43 id. 93.

Messrs. BENNETT & GREEN, for the appellees :

The remedy is not at law, as the contract named in the certificate is still executory.   After judgment at law the beneficiary would have to resort to *mandamus,* as the corporation has no property or surplus, and relies entirely upon mortuary assessments for payment of benefits.   *Mandamus* will not lie to enforce executory contracts.   *People* v. *Delaney,* 96 Ill. 511.

A court of equity is the proper forum in which to enforce the certificate.   The appellant is in effect a trustee, having control of a fund distributed among its certificate-holders, from which, and from which only, benefits can be paid, and it is especially appropriate that equity shall take jurisdiction over the same.   Besides, as held in many States, an association organized for the purposes specified in the charter of the appellant, and one, especially, as stated in the by-laws, organized not for the pecuniary profit of its members, either is, or nearly approaches, the nature of a charity.   *League Association* v. *People,* 90 Ill. 169 ; *Indianapolis* v. *Grand Master,* 25 Ind. 518 ; *Duke* v. *Fuller,* 9 N. H. 536 ; *Burdine* v. *Grand Lodge,* 37 Ala. 478.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was a bill in chancery, brought by the heirs of Edward J. Sears, deceased; consisting of his father, mother and two sisters, against the Covenant Mutual Benefit Association of Illinois, to recover the benefit money of $5000 agreed to be paid by a certificate of membership in said association, issued to and held by said Sears at the time of his death.   The circuit court decreed in favor of the complainants.   The decree was affirmed by the Appellate Court for the Second District, and an appeal then taken to this court.

As declared by its charter and by-laws, "the object and business of this association shall be to afford financial aid and assistance to the widows, orphans, heirs or devisees of deceased members." The certificate of membership which was issued to the deceased in consideration of a membership fee of $10 paid, and of the payment of such other accounts for mortuary assessments, expenses and collection costs as might be required, constituted him a member of the association, with all the rights and privileges of the same, and provided that upon proof of his death, he having complied with the conditions of the certificate, an assessment should be levied upon the surviving members to the amount of the certificate, ($5000,) which "sum so collected on such assessments (less expenses and collection costs) the association hereby agrees well and truly to pay, or cause to be paid, as a benefit, to his devisees, as provided in last will and testament, or in the event of their prior death, to the legal heir or devisees of the certificate-holder." The deceased died intestate, never having been married, and leaving the complainants his only heirs.

It is admitted that there had been compliance on the part of the deceased with all the conditions of the certificate, and no question is made that if devisees were here suing they would be entitled to recover. But it is denied that heirs have any rightful claim to the money agreed to be paid by the certificate. The object of this association,—the very end of its being,—was to afford financial aid and assistance to the widows, orphans, heirs or devisees of its deceased members. This was done by means of the benefit money promised in members' certificates, which was paid over after their death. The deceased became a member for the sole purpose of securing the provision of this benefit money for one or more of said classes of persons which he might leave surviving him. The mortuary assessments, and other payments of money which he made, were for this purpose, and no other. It

would be a very hard construction, and defeat of intention, to hold that the heirs, the only class of the beneficiary persons the deceased left surviving him, should not take any of the money promised by the certificate, and that all the payments of money made by the deceased should have been for no purpose, merely because he had never made a will and had devisees. Such a construction surely should not be adopted, unless it is compelled by language which clearly will not admit of any other interpretation. The certificate provides that upon proof of the certificate-holder's death, an assessment shall be levied on the members for the full amount of the certificate. This implies that the money so raised is to be paid over to some one. Then comes the promise of the certificate that the association will pay the sum so collected on such assessments as a benefit to the decedent's "devisees, as provided in last will and testament, or in the event of their prior death, to the legal heir or devisees of the certificate-holder." It is true the letter is, that in the event of the prior death of the devisees, the money is to be paid to the heirs. But is it the meaning that the money was to be paid to the heirs only in the event of the prior death of devisees? The clear intent is, that either devisees or the heirs,—one or the other of them,—should take. The certificate appears to assume that there was a will, and devisees under it, and so provides for payment to them, or in the event of their prior death, to the heir of the certificate-holder. It would seem to be great violence to intention that the money should not be paid over, but that it should be held by and go to the association while there were heirs to take it. The meaning evidently was, that the money should go to devisees if there were devisees to take it, and that if there were not devisees to take it, then it should go to heirs. The circumstances of there having been a will, devisees under it, and their prior death, were not important. The essential thing was, there not being devisees to take, and not there having been devisees

and they having died. Non-existence, by the true meaning, was the same as prior death. The substantial promise was to pay to devisees if there were devisees to take, and if not, then to pay to heirs. We think this the fair and reasonable construction of the agreement, which, in view of the purpose of the association, may well be adopted.

Objection is made that a will may hereafter appear, and the association be compelled to make re-payment of the certificate to devisees. There is a possibility of this, but no reasonable probability. The proof is quite satisfactory that there was no will. If there were reasonable ground of apprehension on this score, it might be proper to require indemnity against such a contingency. But we do not think it called for in this case.

Objection is taken to the jurisdiction of the court,—that there was an adequate remedy at law. The certificate of membership does not contain any contract to pay to the beneficiaries $5000, or any sum, absolutely, but to levy assessments, ratably, upon all members holding certificates in force at the death of decedent, for an amount not less than the limit of the certificate, and to pay over the sum so collected on such assessments, less the collection costs. As the corporation is not organized for "pecuniary profit," has no surplus, and relies entirely upon the mortuary assessments made upon each death for the payment of benefits to the beneficiaries of a decedent, it would be difficult to realize anything by execution. And the association stands as a trustee of a fund in the hands of its numerous members, but belonging to the beneficiaries, which can be called in, by assessment, for their use. It would seem, then, that a court of equity might properly be resorted to as being capable of affording a more adequate remedy, by directing a specific performance of the contract of the defendant by the levying of the proper assessments.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*