REYNOLDS *v.* EQUITABLE ACCIDENT ASS'N OF BINGHAMPTON.

(*Supreme Court, General Term, Fifth Department.* June, 1888.)

1. INSURANCE—ACCIDENT POLICY—CONDITIONS—OVEREXERTION.
    Where a life insurance policy excepts injuries occasioned by "lifting or overexertion" by the assured, the lifting or overexertion must be a voluntary and unnecessary act, and effort to lift, or overexertion put forth in an emergency of danger, is not within the exception.

2. SAME—ACTIONS ON POLICIES—CAUSE OF DEATH—WHEN QUESTION FOR JURY.

A policy insured against death resulting from "bodily injuries effected through external, violent, and accidental means," but excepted cases where the death or injury shall have been caused by lifting or overexertion. The assured was a bridge builder, and evidence tended to show that while raising the bents of a bridge the foot of one of the parts slipped, and an unexpected weight was thrown upon the pike-poles in the hands of the men, and that the assured was either struck by the end of his pole or subjected to a strain of great severity, and that he was disabled, and subsequently died. *Held,* that there was sufficient evidence to go to the jury on the question whether the death resulted solely from the accident.

3. SAME—ACTIONS ON POLICIES—WAIVER OF NOTICE—FINDING BY JURY.

In an action on an accident policy, which contained a requirement that notice of the happening of the accident should be given, it appeared that the agent of the company came to see the widow in whose favor the policy had been taken "about the insurance," and told her that failure to give notice did not make any difference. The president and secretary of the company addressed letters to a person acting for the widow in the matter, stating that she had no claim by reason of the manner in which the injury was received. *Held* that, the jury having found a waiver of notice, the finding is conclusive upon the court.

4. SAME—ACTIONS ON POLICIES—EVIDENCE.

A requirement in a life insurance policy that evidence of the injury occasioning the death shall be "direct and affirmative," is ineffectual to change the rules of evidence.

5. SAME—ASSESSMENT POLICIES—ACTION AT LAW.

The amount of an insurance which is to be realized by an assessment may be recovered in an action at law.

Appeal from circuit court.

Action by Desda Reynolds against the Equitable Accident Association of Binghampton, on a life insurance policy. Judgment for plaintiff, and defendant appeals.

*Chapman & Lyon,* for appellant.  *H. Greenfiled,* for respondent.

DWIGHT, J.  The action was on a policy of life insurance issued in the form of a certificate of membership in the defendant association on the life of George A. Reynolds, payable to the plaintiff, his wife. The assurance was in case of death resulting only from "bodily injuries effected through external, violent, and accidental means." Condition No. 2 of the certificate contained the following proviso: "And no claim shall be made under this certificate when the death or injury shall have been caused by dueling, fighting, wrestling, lifting, or by overexertion." Condition No. 5 provided for immediate notice, in writing, of the accident, to be given to the secretary of the association, and that "failure to give such notice mailed within four days from the happening of such accident shall invalidate all claims under this certificate." The undertaking of the defendant was to pay "the principal sum not exceeding $3,000, realized upon an assessment," in accordance with its by-laws. The insured was a bridge builder; and on the 16th of December, 1886, was engaged, with the men in his employ, in raising the bents of a bridge. Several of the bents had already been raised without difficulty or accident; the plaintiff, as one of the witnesses testified, that he was working "without any distress to himself, as if he was able to do it." At last, as the evidence tended to show, the foot of one of the posts, when the bent was raised about half way to the perpendicular, slipped from its position, the top of the bent settled back, an unexpected weight was thrown upon the pike-poles in the hands of the men, and the insured was either struck in the side by the end of his pole, or subjected to a strain of great severity. He was disabled from the moment of the accident, and died on the 27th day of the same month. On the trial the charge of the court referred to this injury as the cause of death; and no exception was taken to such reference, nor was any request made to submit that question to the jury. The only question submitted was whether the injury and death was excepted by the policy as being caused by "lifting or overexertion." The instruction, in that respect, was, in substance, that the lifting or overexertion, to take the case out of the con-

tract, must be a voluntary and unnecessary act of the insured; one from which injury might reasonably be anticipated, and which might, in the exercise of reasonable care, have been avoided; and that an effort to lift, or overexertion put forth in an emergency of danger,—as, for instance, in the effort to save one's self from being crushed by a descending weight,—was not within the exception of the policy. The instruction was correct, and the exceptions to the charge do not avail the defendant.

A motion for a nonsuit was made on many grounds; some of which relate to the insufficiency of the evidence as to the cause of death. In regard to those objections but little need to be added to what has already been said. There was ample evidence to go to the jury in support of the plaintiff's allegation that the death resulted solely from the accident described; and that the accident was within the meaning and intent of the contract of insurance. The objection that the evidence on the subject was not, in the language of the policy, "direct and affirmative," was untenable. The evidence was sufficient, within the rules of law; and the language of the policy cannot be construed to take the case out of the ordinary rules of evidence. The objection that an action at law will not lie to recover a sum insured to be realized by an assessment, was properly overruled under the decisions of the general terms in the Third and Fourth departments, which we are content to follow. *Freeman* v. *Society*, 5 N. Y. St. Rep. 82; *O'Brien* v. *Society*, 11 N. Y. St. Rep. 810; *Fulmer* v. *Association*, 12 N. Y. St. Rep. 347.

The remaining question in the case was raised by the defendant's motion for a nonsuit on the ground of the failure to give the notice of the accident required by condition No. 5. The fact of such failure was admitted by the complaint; and the only question was whether, as alleged in the complaint, the condition was waived by the defendant after default. That question was raised on the trial only by the motion for a nonsuit; the defendant did not have it submitted to the jury as a question of fact. Unless, therefore, the court would have been justified in holding, as matter of law, that there was no waiver, the defendant is concluded by the refusal of the court to nonsuit on that ground. The facts in evidence on this branch of the case were that within a month after the accident, and about two weeks after the death, the defendant, having become informed of the case, sent an agent to the widow "to see her about the insurance;" that he told her that her failure to give the notice "did not make any difference, because the insured was dead; that if he had been hurt, and was doctoring up, it would have made a difference," and he promised the plaintiff that he would see that she was notified what the company would do. Subsequently the president and secretary of the defendant both addressed letters to a gentleman who was acting for the plaintiff, and who had written for blank proofs of loss, requesting him to advise the plaintiff not to make any claim; and announcing their decision,—evidently intended to be final,—that she had no claim by reason of the manner in which the injury was received, and of the cause of death. Upon these facts, and under the rule established by several recent and controlling decisions, we think there was at least a question for the jury whether the acts and declarations of the defendant did not indicate an intention to waive the objection of failure to serve, in time, the notice of the accident. *Prentice* v. *Insurance Co.*, 77 N. Y. 483; *Brink* v. *Insurance Co.*, 80 N. Y. 108; *Baker* v. *Association*, 9 N. Y. St. Rep. 653. In the first of these cases the rule is stated by ANDREWS, J., and in the second quoted by CHURCH, J., that the waiver by an insurance company of the condition in respect to the time of serving proofs of loss may be made "by acts and conduct indicating an intention to waive such condition, occurring subsequent to the breach of the condition, although there is no new consideration and although there may be no technical estoppel." Manifestly, if there was any conflict of evidence on the question of the intention to waive, or if the case was one in which different

inferences might be drawn by different minds from the same facts, it was a question for the jury. It was not error, therefore, for the court to deny the motion for a nonsuit on the ground last considered.

There are no other exceptions in the case which seem to require discussion. The judgment and order appealed from should be affirmed.

All concur.