JANUARY TERM, 1889. . . 507

Jackson vs. The Northwestern Mutual Relief Ass'n.

JACKSON, Appellant, vs. THE NORTHWESTERN MUTUAL RELIEF ASSOCIATION, Respondent.

*January 31 — February 19, 1889.*

*Life insurance: Mutual benefit company: Refusal to make assessment: Action at law or in equity: Damages.*

By the terms of a contract of life insurance the company agreed to pay to the beneficiary, upon the death of the insured, " eighty per cent. of an assessment levied and collected therefor, not exceeding $4,000," etc.  *Held,* that for a breach of such contract by neglect and refusal to make the assessment the beneficiary may maintain an action at law and, if it appears that such an assessment would have produced a substantial sum, may recover substantial damages.

APPEAL from the Circuit Court for *Iowa* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The amended complaint alleges, in effect, the incorporation and existence of the defendant at the times named; its right to do a mutual life insurance business and issue the policy or certificate sued upon; the application of the plaintiff's wife to the defendant, March 19, 1886, for such policy upon her life, to the amount of $4,000, payable in case of death to the plaintiff; that said wife submitted to a medical examination by the defendant's physician, and thereupon her application was approved and accepted; and thereupon, and on March 23, 1886, the defendant issued and delivered to her thereon its policy for such insurance in the form of a certificate of membership executed in due form, the essential portions of which certificate to be considered on this demurrer are as follows: "That in consideration of the payment of an assessment not to exceed ninety cents on the maturity of the certificate of any other member at the office of the association, within thirty days after due notice thereof, the association, upon maturity of this certificate, and within sixty days after the proof and allowance of such claim, upon presentation hereof, will pay the above-named member, or, in case of death, the beneficiary, if living, otherwise the heirs of such member, a benefit, in case of:   .   .   .   *Second.* Maturity by death or by limitation on the 23d day of September, A. D. 1926, eighty per cent. of an assessment levied and collected therefor, not exceeding four thousand dollars, less any payment before made on account of disability, or any indebtedness due or accrued to the association from such member."

The said amended complaint further alleges: "That on the 13th day of February, 1888, at said Mineral Point, the said Cordelia Jackson died, and, on information and belief, this plaintiff alleges that the said Cordelia Jackson, during

her life-time, so kept, performed, and complied with all the terms and conditions, and paid the assessments made and demanded of her under the terms of said policy of insurance or certificate of membership, by her to be kept and performed by the terms thereof, as to keep the same in full force, validity, and effect up to the time of her death, and that the same was in full force and effect when she died; that on the 28th day of February, 1888, this plaintiff notified defendant of the death of said Cordelia Jackson, and asked for blanks on which to make out formal proofs of her death, but that said defendant refused to send or furnish them to plaintiff; that on or about the 16th day of April, 1888, plaintiff served upon the defendant sworn proof of the death of said Cordelia Jackson, presented said certificate, and filed with defendant a claim and demand for the amount which the said defendant, under and in said policy of insurance or certificate of membership number 2,939, agreed to pay plaintiff in case of the death of the said Cordelia Jackson, and has often since made demands for said amount; but that defendant has at all such times denied, and now denies, any and all liability to plaintiff under or on account of said policy of insurance or certificate of membership, and has always refused, and now refuses, to levy an assessment upon the members of such association for the use and benefit of plaintiff, as provided for in said policy of insurance or certificate of membership, and has always refused, and still refuses, to pay to plaintiff any sum whatever under or on account of the same. Plaintiff shows, on information and belief, that at the time said Cordelia Jackson died, eighty per cent. of an assessment upon the members of said association, as provided for in said policy of insurance or certificate of membership, would have amounted to at least four thousand dollars. And plaintiff alleges and claims on information and belief that, on the death of the

said Cordelia Jackson, said defendant became indebted to plaintiff under the terms, conditions, and provisions of said policy of insurance or certificate of membership in the sum of four thousand dollars. Plaintiff further shows that defendant has failed to comply with the agreements and undertakings by it made and assumed in and by said policy of insurance or certificate of membership, in that it has neglected and refused to make an assessment upon its members for the use and benefit of plaintiff, as provided for in said policy of insurance or certificate of membership, or to pay to plaintiff, on demand made as aforesaid, the whole or any part of the said sum it agreed to pay him on the death of said Cordelia Jackson. By reason of which premises above set forth plaintiff alleges that he has been damaged in the sum of four thousand dollars. Wherefore plaintiff demands judgment against the defendant in the sum of four thousand dollars, or for such other and further relief or judgment as he may be entitled to in the premises, together with his costs and disbursements herein."

To such amended complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. December 4, 1888, the court sustained such demurrer, and from the order sustaining the same the plaintiff appeals.

For the appellant there was a brief by *Spensley & McIllhon* and *H. W. Chynoweth,* and oral argument by *Calvert Spensley* and *H. W. Chynoweth.*

For the respondent there was a brief by *F. E. Parkinson,* attorney, and *Burr W. Jones,* of counsel, and oral argument by *Mr. Jones.* To the point that plaintiff's remedy was in equity and not at law, they cited *Smith v. Covenant Mut. Ben. Asso.* 24 Fed. Rep. 685; *Bailey v. Mut. Ben. Asso.* 71 Iowa, 689; *Newman v. Covenant Mut. Ben. Asso.* 72 id. 242; *Rainsbarger v. Union Mut. Aid Asso.* id. 191.

CASSODAY, J. This is an action at law to recover damages for an alleged breach of contract of insurance. There is no claim that the facts alleged do not constitute a binding contract of insurance, nor that they do not show a breach of such contract. The theory of the defendant is that, conceding the validity of the contract and the breach of it, yet that the plaintiff has mistaken his remedy by bringing his action at law instead of proceeding in equity to enforce the assessment mentioned in the contract. If such is the fact, then, under the earlier decisions of this court, and since adhered to, the question may be properly raised by demurrer.

The only question presented is, therefore, whether, upon the showing made, an action at law for damages by reason of the breach of contract alleged can be maintained. The question, it will be observed, is not as to the true amount or the true measure of damages, but only whether the plaintiff is entitled to substantial damages for such breach. There are certainly authorities to the effect that a bill in equity may be maintained to enforce payment of such certificates by compelling a specific performance of similar contracts through assessments as stipulated. *Covenant Mut. Ben. Asso. v. Sears*, 114 Ill. 108; *Smith v. Covenant Mut. Ben. Asso.* 24 Fed. Rep. 689; *Rainsbarger v. Union Mut. Aid Asso.* 72 Iowa, 191; *Tobin v. Western Mut. Aid Society*, 72 Iowa, 261. It has also been held that *mandamus* is not an appropriate remedy to compel such assessments. *Burland v. Northwestern Mut. Ben. Asso.* 47 Mich. 424; *Excelsior Mut. Aid Asso. v. Riddle*, 91 Ind. 84. The decided weight of authority, however, seems to be to the effect that an action at law to recover damages may be maintained upon such contract for a refusal or neglect to make such assessment. *Earnshaw v. Sun Mut. Aid Society*, 68 Md. 465; *Suppiger v. Covenant Mut. Ben. Asso.* 20 Bradw. 595; *Neskern v. Northwestern E. & L. Asso.* 30 Minn. 406; *Lued-*

*ers' Ex'r v. Hartford L. & A. Ins. Co.* 12 Fed. Rep. 465; *Kansas Protective Union v. Whitt,* 36 Kan. 760; *Kaw Valley L. Asso. v. Lemke,* 19 Pac. Rep. (Kan.), 337; *Freeman v. National Ben. Society,* 42 Hun, 252; *Reynolds v. Equitable Accident Asso.* 1 N. Y. Supp. 738; *Elkhart Mut. A., B. & R. Asso. v. Houghton,* 103 Ind. 286; *Burland v. Northwestern Mut. Ben. Association,* 47 Mich. 424; Bac. Ben. Soc. § 453. But to maintain such action at law, such breach must be alleged and proved. *Curtis v. Mut. Ben. Life Co.* 48 Conn. 98; *Taylor v. National T. Relief Union,* 94 Mo. 35.

The principal difference in these two classes of adjudications turns upon the question whether such recovery for such breach of contract is limited to mere nominal damages, or extends to substantial damages. In some of these cases which allow substantial damages the courts have gone so far as to hold that the beneficiaries may recover the *maximum* amount named in the contract, unless the defendant shows by pleadings and proof that such sum should be reduced. But, as indicated in some of the other cases cited, the recovery cannot exceed the amount stipulated in the contract. We make no attempt to analyze the cases, nor to point out any supposed fallacies. We agree with that class of cases which hold, in effect, that, for a substantial breach of such contract, the beneficiary may recover substantial damages in an action at law. As indicated in *Earnshaw v. Sun Mut. Aid Society,* 68 Md. 465, there may be some difficulty as to the true measure of damages and the enforcement of the judgment in case of recovery. So there may be difficulty in obtaining the requisite proof to establish the plaintiff's claim. But these considerations are not before us on this demurrer, which concedes the truthfulness of all the allegations of the complaint.

The question is one of pleading upon contract. Under the contract in question the plaintiff was entitled, upon the death of his wife, to eighty per cent. of an assessment to

be thereupon levied and collected therefor, not exceeding $4,000, less any payment, etc. Upon such death it became the duty of the defendant under the contract to make such levy and collection. According to the allegations of the complaint, it not only neglected and refused to do so, but denied all liability. It is also alleged, in effect, and of course admitted by the demurrer, that eighty per cent. of such assessment "would have amounted to at least four thousand dollars." With this confession before us we cannot hold, as a matter of law, that the plaintiff has only sustained nominal damages by reason of such breach, merely because there may be a total or partial failure of proof, or that it may be difficult in advance of such levy and attempted collection of such assessment to ascertain the precise amount of damages which the plaintiff may be entitled to recover. Several of the authorities cited sustain these views. The breach of an agreement to make such levy and collection of such assessment seems to be somewhat similar to the breach of an agreement to insure, upon which actions at law have frequently been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.