MARY NEVILLE, ADMINISTRATRIX, ETC., v. THE DETROIT
FIREMEN'S FUND ASSOCIATION.

*Mutual benefit associations—Action upon membership contract—
Construction of by-laws—Organization of firemen—Re-
tired members of department.*

1. Where the person designated by a member of a benefit asso-
   ciation, pursuant to its by-laws, to receive the death-benefit,
   for the use of the wife and children of the member, declines
   to act, suit to recover the death benefit is properly brought
   by the administrator of the estate of the deceased member.

2. Where a mutual benefit association disclaims all liability upon
   a membership contract which provides for the payment of the
   proceeds of a single assessment upon its members, suit is prop-
   erly instituted to test that question; citing *Burland v. Asso-
   ciation,* 47 Mich. 424; *Bates v. Association,* 47 Id. 646; *Silvers
   v. Association,* 94 Id. 39.

3. The by-laws of a firemen's benefit association provided that any
   member who should be retired by the fire commissioners by
   reason of 25 years' service as a fireman might still continue a
   member of the association, with all of its rights and benefits,
   by paying the same dues and assessments as an active mem-
   ber, and that upon the death of any active or retired member,
   there should be collected from each surviving active or retired
   member a specified amount for the use of the beneficiary.
   And it is held that the placing of a member upon the retired
   list before the expiration of 25 years' service, by reason of in-
   juries received in the line of his duty as a fireman incapac-
   itating him for active service, does not terminate his member-
   ship in the association.

Error to Wayne. (Frazer, J.) Submitted on briefs
February 1, 1895. Decided February 12, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*John J. Speed,* for appellant.

*Charles Flowers* and *John E. Moloney,* for plaintiff.

GRANT, J. The defendant is organized under chapter 165, How. Stat. Its object is to afford relief to sick and disabled members, and to the families of deceased members. All able-bodied and uniformed members of the fire department may become members. Section 2 of article 2 of its by-laws provides that any member retired by the fire commissioners by reason of 25 years' service as a fireman may still continue a member thereof, with all its rights and benefits, by paying the same dues and assessments as an active member. Section 3 of article 3 provides that members leaving the fire department may still continue honorary members. By section 3 of article 8, it is provided that, upon the death of any active or retired member of the association, there shall be collected from each surviving active or retired member thereof the sum of $5, to be paid on or before the second pay-day after the death of the said member. By section 4 of the same article, it is provided that upon the death of any active or retired member there shall be paid, within 90 days, to the person or persons (to be designated by said member) named in the instrument on file in the office of the secretary, the entire amount collected under section 3.

Mr. Neville, plaintiff's husband, became a uniformed member of the fire department of Detroit, June 18, 1887, and on the 26th day of the following September became an active member of the defendant association. About two years before his death he received an injury at a fire, in consequence of which he died April 19, 1893. He was unable to do any duty after the injury, but was continued upon the list of active members of the department until February 24, 1893, at which date he was placed by the board of fire commissioners upon the pension and retired list, and, under the rules of the department, was entitled to receive a pension of $400 per annum, to commence February 13. He had always paid his dues and assess-

ments;  the last payment of dues being in January, 1893, for three months, in advance. On March 10, 1893, the secretary of the association made a report of the members who had joined and the members who had left. In this report was the following: "February 15, M. J. Neville placed on the pension list." This report was accepted. No other action was taken by the association in the matter. The officers of the defendant appear to have construed the action of the fire department, in placing Mr. Neville upon the pension and retired list, as a severance of connection with it. The treasurer thereupon sent him a warrant for 50 cents,—the amount of his overpaid dues. After his retirement he paid an assessment of $5 for the death of a deceased member. The number of active members at the time of his death was 235. Mr. Neville filed a paper with the secretary, directing that the fund to which he was entitled should be paid to "John O'Neil, as administrator, for the support of my wife and children, to be drawn subject to the approval of said administrator." Mr. O'Neil declined to act, whereupon the plaintiff was duly appointed administratrix, and, upon the refusal of the defendant to pay, instituted this suit. The court directed a verdict for the plaintiff for $1,175.

1. Mr. O'Neil having declined to act, the proper party to bring the suit was the duly-appointed administratrix of the estate. Mr. O'Neil had no interest in the fund, but was appointed as trustee to receive it for the benefit of the wife and children of Mr. Neville. The right of recovery cannot be defeated by the refusal of the trustee to act. Nor was it necessary that the suit should have been brought in his name. The defendant cannot be held liable in a second suit brought by him.

2. The defendant disclaimed liability. This suit was therefore properly instituted to test the liability of the company. *Burland v. Association*, 47 Mich. 424; *Bates v.*

*Association,* 47 Id. 646; *Silvers v. Association,* 94 Id. 39.

3. The important question, and the one most seriously urged, is, was the defendant liable at all? The defendant argues that the placing of Mr. Neville upon the pension and retired list by the fire department, *ipso facto,* terminated his membership with the defendant, and that the only members at whose deaths the association is liable for the $5 assessment are active members and those who have been retired after 25 years' service. Such a construction of the articles and by-laws would be very harsh and unjust, and, in order to sustain it, we must find that there is no other reasonable construction. The business of a fireman is dangerous, and the evident purpose of the defendant association is to furnish relief to those who are disabled in the performance of their duty, and to the families of those who die in consequence of injuries received. When one receives an injury his right to relief becomes vested, and upon his death his wife and children become entitled to the death benefit for which he, in his lifetime, contracted. *Poultney v. Bachman,* 62 How. Pr. 466. Under the defendant's construction, one who has been an active member for 24 years, and has then been injured, disabling him from duty, after having paid his dues and assessments for that time, may have his wife and children deprived of all benefits by the action of the fire department in retiring the member. The fireman may die the next day after such retirement, and his family be left without any benefit of his 24 years' membership, one of the chief purposes of which was to provide for them at his death. Such a construction seems unreasonable, and we cannot give it our assent. We think that Mr. Neville was still a member of the association, although placed upon the retired and pension list.

The judgment must be affirmed.

The other Justices concurred.