# Covenant Mutual Life Association v. Fannie Kentner.

1. MUTUAL BENEFIT ASSOCIATIONS—*Remedy for Refusal to Make Assessments.*—An action at law may be maintained against a mutual benefit association for the refusal or neglect to make an assessment. It is its duty imposed by the contract, and for the breach of this duty, if injury has resulted to the beneficiary, a court of law is the most appropriate tribunal to afford him relief.

2. SAME—*Remedy, When in Chancery.*—Where a mutual benefit association has no surplus funds, but relies entirely upon mortuary assessments for the payment of benefits to the beneficiaries of a decedent, a bill in chancery will lie to enforce payment of the certificate by compelling the specific performance of the contract to levy an assessment upon the death of the member.

3. SAME—*When Mortuary Assessments Are Not Relied Upon.*—Where a surplus has been formed by a mutual benefit association as a reserve emergency fund, and there is no reason why an execution against the association could not be made and an assessment rendered unnecessary, there is no reason for a bill in chancery to enforce the levy of an assessment.

Assumpsit, on a mutual insurance policy. Appeal from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

WALL & ROSS and WALKER & PAYNE, attorneys for appellant.

MORRISON, BETHEA & DIXON, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On August 15, 1878, The Covenant Mutual Benefit Association of Illinois issued a certificate of membership to William A. Kentner. The certificate provided that upon satisfactory proofs of the death of the holder being filed with the secretary of the association, he having in all respects fully complied with the conditions of the certificate, an assessment should be levied upon all members liable at the time of his death, for the full amount named in their

respective certificates, but that when the aggregate of such assessments would exceed the limit of the certificate, then the assessment should be levied ratably according to the certificate held by each, for an aggregate amount, not less than the limit of the certificate to be paid, and that the sum so collected, less expenses and costs of collection, should be paid to the beneficiary named in the certificate. The conditions on the back of the certificate, which were made a part of the contract, provided among other things, that the holder should pay, on the death of each member occurring subsequent to the date of the certificate, the sum named on the back of the certificate, or such proportional part thereof as might be necessary to secure an aggregate amount not less than the sum required to pay the claim, and if the same was not received by the association within thirty days from date of notice, then the certificate of membership should be null and void and of no effect. When this certificate was issued all certificate holders were divided into groups and all persons within any one group were received on the same terms. The group to which Kentner belonged agreed to pay not exceeding one dollar on the death of any member of the association. The amount of insurance provided for by the certificate was $5,000, and appellee Fannie Kentner was named therein as the beneficiary. Afterward, in 1893, the name of the association was changed to Covenant Mutual Life Association of Illinois, the appellant herein. Kentner paid every assessment up to mortuary call No. 149 issued March 1, 1899, which he refused to pay. He died on April, 23, 1899, and proofs of his death were received by appellant August 8, 1899.

Appellant refused to pay the amount of the certificate and appellee commenced a suit in assumpsit to recover the same.

The first count in the declaration alleged the making of the certificate, performance by Kentner of the conditions therein binding upon him, his death, proofs of the same, change in the name of association, refusal by the defendant to pay, and that defendant made an assessment upon the

members of the association from which it realized the sum of $5,000, which plaintiff was entitled to receive as the beneficiary named in said certificate. The second count alleged that the membership of the association was such in number that an assessment as provided for by said certificate would produce $5,000, and the third that it was the duty of the defendant upon receipt of proofs to make an assessment upon all the members of the association for the payment of the sum due the plaintiff and that such an assessment would have realized a sum greater than that due her, but that defendant failed and refused to make the assessment. The common counts were also added. Defendant pleaded the general issue and it was also stipulated that the defendant should be permitted to introduce under that plea, any evidence admissible under any pleas. A jury was waived and upon the trial there was a finding and judgment in favor of the plaintiff for $5,000, from which this appeal is prosecuted.

The evidence in this case is substantially the same as that in the case of Covenant Mutual Life Association v. Tuttle, 87 Ill. App. 309.

The question of the validity of assessment No. 149 was presented in that case, and counsel for both parties agree that the decision of this court in that case disposes of this case, except as to the question whether appellee in an action at law is entitled to recover the full face value of the certificate or only nominal damages.

Appellant insists that only nominal damages can be recovered and that appellee must resort to mandamus to compel appellant to levy an assessment to satisfy the amount of the certificate.

The question presented is not a new one, and the authorities upon the subject are numerous. Bacon, in his work on Benefit Societies, section 453, after discussing the authorities on both sides, says:

" The decided preponderance of authority is in favor of the view that an action at law can be maintained against the society for the refusal or neglect to make the assess-

ment. It is its duty to make the assessment, and for the breach of this duty imposed by the contract, if injury has resulted to the beneficiary, a court of law is the most appropriate tribunal to afford him relief."

In the case of Jackson v. N. W. Mutual Relief Association, 73 Wis. 507, which was an action at law to recover upon a certificate of insurance, the question at issue here was presented. There was a full discussion of the subject and a great number of cases bearing upon the question were cited. It was there said by the court:

" The only question presented is, therefore, whether, upon the showing made, an action at law for damages by reason of the breach of the contract alleged can be maintained. The question, it will be observed, is not as to the true amount or the true measure of damages, but only whether the plaintiff is entitled to substantial damages for such breach. There are certainly authorities to the effect that a bill in equity may be maintained to enforce payment of such certificates by compelling a specific performance of similar contracts through assessments as stipulated. It has also been held that mandamus is not an appropriate remedy to compel such assessment. The decided weight of authority, however, seems to be to the effect that an action at law to recover damages may be maintained upon such contract for a refusal or neglect to make such assessment."

In the case of The Covenant Mutual Benefit Association of Illinois v. Sears, 114 Ill. 108, in which this association, by its former name, was appellant, it was held that a bill in chancery would lie to enforce payment of the certificate by compelling a specific performance of the contract to levy an assessment. In Ring v. U. S. Life and Accident Association, 33 Ill. App. 168, it is said by the court, in referring to the case last cited:

" That case is undoubtedly an authority that where the contract is not to pay a sum absolutely, but to levy an assessment and pay the proceeds thereof, not exceeding a certain sum, to the beneficiary, equity will give redress in the nature of specific performance of the contract; but it is by no means an authority that an action at law might not be maintained on the same contract, and a judgment recovered. There is a large class of cases arising on contract, where equity will take jurisdiction, as furnishing a

more direct and complete remedy than the law court, yet where there is no doubt of the jurisdiction at law, if the party elects to pursue his remedy on that side of the court."

The court then says that " in suits on certificates of benefit societies there seems to be some contrariety in the decisions," but quotes from Bacon on Benefit Societies, section 453, above cited, as showing that the decided preponderance of the authority is in favor of the view that an action at law can be maintained.

It was also stated by the court in the case of the Covenant Mutual Benefit Association of Illinois v. Sears, *supra*, as a reason why a bill in chancery would lie to enforce the payment of the certificate, that the corporation had no surplus, but relied entirely upon mortuary assessments made upon each death for the payments of benefits to the beneficiaries of a decedent, and that it would therefore be difficult to realize anything by execution.

After the opinion in that case was filed, however, appellant accumulated a large reserve fund which could be used for the payment of death losses, so that the objection of a lack of a surplus fund has been obviated. It appears from the evidence of the secretary that in 1885 there was a surplus on hand, derived mostly from membership fees, which formed the nucleus of the reserve fund, and that, from the latter year to 1890, assessments were made larger than was necessary to pay the losses, and the surplus formed a reserve emergency fund; that in 1890 the plan of assessment was changed, and thereafter, the surplus was increased to a still larger extent; that this emergency fund was a fund arbitrarily set aside by the board of directors, from time to time, to meet emergencies, that is, excessive death losses; that at the time when mortuary call No. 149 was made, March 1, 1899, this fund amounted to $570,-894.88, and when proofs of the death of Kentner were received, the fund amounted to $353,460.36. As it had this surplus on hand at the time proofs of death of Kentner were presented, there was no reason why an execution issued upon a judgment against the association could not have been made, and therefore an assessment to pay the

amount of this certificate was not necessary, and there was no reason for a bill in chancery to enforce the levy of the same.

We are therefore of opinion that the judgment of the court below was warranted by the law and by the facts in the case, and it is accordingly affirmed.