6676

## BATSON & WALSH v. SOUTH CAROLINA MUTUAL INSUR- ANCE CO.

INSURANCE—MUTUAL BENEFIT SOCIETIES.—Where a mutual insurance company, whose policy contains a provision that no action shall be maintained against the company for any claim against it on the policy until after an award and assessment against all policies liable for their pro rata share, denies all liability under the policy and refuses to make an assessment, an action at law may be maintained for the amount of insurance without showing an award and assessment and without proceeding in equity to compel assessment.

Before GARY, J., Greenville, April, 1907.    Affirmed.

Action by Batson & Walsh against South Carolina Mutual Insurance Co.    From Circuit order reversing judgment of Magistrate Samuel Stradley, defendant appeals.

*Mr. Jos. A. McCullough,* for appellant, cites: 39 S. C., 484; 54 S. C., 371; 24 Fed. R., 685; 18 Fed. R., 14; 33 N. W., 626.

*Messrs. Morgan* and *Bonham,* contra, cite: Elliott on Ins., 258, 335, 347, 352; 57 N. E., 991; 80 Mo. App., 419; 51 S. C., 540; 88 R. A., 116; 71 N. W., 388; 60 N. W., 125; 46 N. Y. Supp., 1016; 50 Pac., 626; 61 Mo. App., 323; 22 N. E., 954; 68 Md., 465; 12 Fed., 465; 11 N. W. R., 269; 63 S. C., 192; 2 N. E. R., 763; 2 L. R. A., 786; Nib. on Mut. Ben. Soc., 392, 408, 409; 31 Fed. R., 184; 12 West., 92; 30 Minn., 406; 47 Mich., 434; 48 Conn., 98; 36 Kan., 60; 12 Fed. R., 465; 20 Ill., 595; 23 Ill. App., 341; 42 Hun., 252; 31 Fed. R., 189; 61 Tex., 300; 2 L. R. A., 784; 8 L. R. A., 113; 40 Kan., 142; 55 Hun., 574; 51 Vt., 613; 73 Wis., 507; 52 Hun., 255; 11 Page, 396; 5 N. Y. Supp., 837; 47 Mich., 424; 36 Kan., 760; 91 Ind., 84; 25 N. E., 642; 51 S. C., 540; 36 S. C., 265; 37 S. C., 56; 29 S. C., 578; 70 S. C., 295; 52 S. C., 224; 54 S. C., 799; 55 S. C.,

589; 42 S. C., 14; 43 S. C., 26; 70 S. C., 75; 31 Fed. R., 184; 20 Wall., 445; 6 Gray, 174; 3 Story, 800; 16 N. Y., 112; 104 Ind., 133; 31 Mich., 458; 28 Mo. App., 463; 51 How. Pr. N. Y. Sup. Ct., 92.

October 5, 1907. The opinion of the Court was delivered by

Mr. Justice Jones. This was an action at law in a magistrate's court to recover $72.27 as the pro rata share due plaintiffs by the defendant company on a policy of fire insurance. The magistrate dismissed the action on the ground that plaintiffs' remedy was to proceed in equity to compel an assessment so as to fix the amount payable under the policy, but on appeal the Circuit Court reversed the judgment of the magistrate and rendered judgment against defendant for the amount claimed.

The defendant is a mutual insurance company, incorporated under the laws of this State and authorized to mutually insure the buildings of its members from loss by fire, wind or lightning, upon such terms and conditions as may be fixed by its by-laws. The policy insured the plaintiff to the extent of $350, and stipulated to make good the loss not to exceed that sum by pro rata assessments on policies liable. The policy among other things stipulates:

"7. Payment of any loss or damages shall be due within sixty days after the assessment is made to pay the same."

"11. It is mutually agreed that no suit or action against this company for the collection of any claim against it, shall be sustainable in any court of law until after an award shall have been obtained, fixing the amount of such claim in the manner provided, and not until after an assessment has been made against the policies then liable for their pro rata share due on each policy according to the sum fixed by said award; and in all cases the burden of proof shall be upon the assured to prove affirmatively as a part of his case in chief that the award has been obtained or duly waived by the company after the assured had made tender of such arbitration in writ-

ing, which writing shall be the only competent evidence of such tender; and provided further, that the assured shall assume the burden of proof and prove affirmatively that such assessment has been made by the company or that the assured has taken such legal steps as may have been necessary to compel such assessment in case the company shall have refused to make the same. The amount received from said assessment shall fix the liability of the company for said loss."

The defendant denied all liability on the policy, and refused to make the assessment. It is not disputed that a pro rata assessment, if it had been made, would have realized the amount for which judgment was rendered.

The question presented is whether plaintiffs could maintain an action at law for the said sum as damages for breach of defendant's contract, or was their remedy in equity to compel an assessment? This question has been recently considered in *Thompson* v. *Piedmont Mutual Ins. Co.,* 77 S. C., 486, 58 S. E. Rep., 341, and the conclusion reached was that when an insurance company denies all liabilty and refuses to make an assessment, an action at law is maintainable to recover the amount of damages which the insured would be entitled to recover if the company had performed its part of the contract. The Court in that case cites *Bent* v. *N. W. Aid Asso.,* 40 Minn., 202, 2 L. R. A., 784; *Jackson* v. *N. W. M. R. Asso.,* 73 Wis., 507, 2 L. R. A., 786; *Lawler* v. *Murphy,* 58 Conn., 294, 8 L. R. A., 113, to which may be added *Elkhart Mut. Aid, etc.; Association* v. *Houghton* (Ind.), 2 N. E. Rep., 763; *Earnshaw* v. *Sun Mut. Aid Society,* 68 Md., 465, 6 Am. St. Rep., 460; *O'Brien* v. *Home Ben. Soc.* (N. Y.), 22 N. E. Rep., 954.

The judgment of the Circuit Court is affirmed.