SMITH and others *v.* COVENANT MUT. BEN. ASS'N OF GALESBURG, ILL.

*(Circuit Court, E. D. Wisconsin.   May, 1885.)*

1. LIFE INSURANCE—MUTUAL BENEFIT ASSOCIATION CERTIFICATE CONSTRUED—DESIGNATION OF BENEFICIARIES BY WILL—FAILURE TO MAKE WILL—RIGHT OF HEIRS TO BENEFITS.

The Covenant Mutual Benefit Association issued a certificate by which it constituted B. a member of the association, with all the rights and privileges of the same, upon the following conditions and agreements: "That at any time during the continuance and before the termination of this contract, upon due notice and satisfactory proofs of the death of the aforesaid member having been filed with the secretary of the association, he having in all respects complied with the conditions of this certificate, an assessment shall be levied upon all the members holding certificates in force at the time of the death of the said member, for the full amount named in their respective certificates: provided, however, that when the aggregate of such assessments would exceed the limit of his certificate, then the assessment shall be levied ratably, according to the certificate held by each, for an aggregate amount not less than the limit of this certificate, and the sum so collected on such assessments (less all amounts which may be added for expense and collection costs) the association hereby agrees well and truly to pay, or cause to be paid, as a benefit to his devisees, as provided in last will and testament, or, in the event of their prior death, to the legal heirs or devisees of the holder of this certificate, * * * within ninety days from the date of the acceptance of said evidence of death, any assessment or other indebtedness of said member to the association being first deducted therefrom; but in no case shall the payment under this certificate exceed $2,500." *Held,* that the certificate, fairly and reasonably construed, meant that if the insured should choose to make a last will in which devisees should be named, then such devisees were to become the beneficiaries, and entitled to receive and recover the sum collected by assessment on account of the certificate, but that he might, if he chose, leave his estate to be divided among legal heirs, as the law should direct its division; and in that event, as no devisees would exist, the benefits of the certificate would accrue to his heirs, and they would be entitled to enforce payment in a suit on the certificate.

2. SAME—ACTION BY HEIRS—LEVY AND COLLECTION OF ASSESSMENT.

In order to entitle the heirs of the insured to recover in an action at law on such certificate, they must allege and show that the association has levied an assessment upon certificate holders to pay the death loss, and has collected the amount of such assessment, and has failed to pay the sum so collected to such heirs, as the beneficiaries entitled thereto.

At Law.

*Small & Hopkins,* for plaintiff.

*Jenkins, Winkler & Smith,* for defendant.

DYER, J.   On the eighteenth day of January, 1881, the defendant association issued its certificate by which it constituted Benjamin F. Smith a member of said association, with all the rights and privileges of the same, upon the following conditions and agreements:

"That at any time during the continuance, and before the termination of this contract, upon due notice and satisfactory proofs of the death of the aforesaid member having been filed with the secretary of the association, he having in all respects fully complied with the conditions of this certificate, *an assessment shall be levied* upon all the members holding certificates in force at the time of the death of the said member, for the full amount named in their respective certificates: provided, however, that when the aggregate of

such assessments would exceed the limit of this certificate, then the assessment shall be levied ratably, according to the certificate held by each, for an aggregate amount not less than the limit of this certificate, and *the sum so collected on such assessments* (less all amounts which may be added for expense and collection costs) the association *hereby agrees well and truly to pay*, or cause to be paid, as a benefit to his devisees as provided in last will and testament, or, in the event of their prior death, to the legal heirs or devisees of the holder of this certificate, * * * within ninety days from the date of the acceptance of said evidence of death, any assessment or other indebtedness of the said member to the association being first deducted therefrom; but in no case shall the payment under this certificate exceed *twenty five hundred dollars.*"

This is a suit upon this certificate, brought by the plaintiffs as the legal heirs of Benjamin F. Smith, who died intestate. The plaintiffs' complaint sets out fully the provisions of the certificate, and then alleges that notice and proof of death were duly given; that the insured on his part fully complied with all the conditions of the certificate to be performed by him, but that the defendant has not paid, and refuses to pay the plaintiffs the sum of $2,500 named in the certificate; and judgment is demanded for that sum, with interest.

The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. In support of the demurrer, it is urged (1) that the complaint is fatally defective, since it does not allege that the insured left devisees under a last will who were first to take under the certificate, and that such devisees have died, by reason whereof the legal heirs of the insured are entitled to claim the amount of the insurance; (2) that there is no allegation in the pleading that the association has levied an assessment upon its members to pay the loss, or, having levied an assessment, has collected the same, and failed to pay over the sum collected.

The questions raised by the demurrer are novel, and not free from difficulty. The certificate is partly printed and partly written; and before it was completed as a contract of insurance, there was in it a blank space after the words "paid as a benefit to," which was followed by the words in print, "or, in the event of * * * prior death, to the legal heirs or devisees of the holder of this certificate," etc. When the certificate was filled up, the words "his devisees, as provided in last will and testament," were written in the space after the words "paid as a benefit to," and the word "their" was inserted after the words "or in the event of." The contention of counsel for the defendant is that no liability was created to pay to the legal heirs of the insured, except in the event of the prior death of devisees; that the word "their" refers to the word "devisees;" that if the insured made no will,—as it is conceded he did not,—there were no devisees, and as there were no devisees to die, the contingency never arose when the association became obligated to pay to the legal heirs of the holder of the certificate; hence that this action cannot be maintained by the present plaintiffs,—and it was suggested on the argument that if an

action would lie at all on the certificate, it would lie only in favor of the administrator of the estate of the insured. This argument is ingenious, but in our judgment unsound. The certificate, it is true, is very awkwardly worded; but, as the contract of the association, it should be so construed, if possible, as to give it efficacious meaning, rather than to defeat the intention of the parties and destroy its character as an obligation.

It must be presumed that the association intended by this certificate to pay to somebody as beneficiary whatever sum should be collected by assessment from other certificate holders, not exceeding the sum specified in the certificate. The vitality of the contract was not to depend upon the fact that the insured should make a last will and testament, in which devisees should be named, nor do we think that a remedy upon the contract in favor of the legal heirs of the insured was intended to be made absolutely dependent upon the prior existence and death of such devisees. The insured might die intestate. It could not have been in the contemplation of the parties that in that event there was to be no beneficiary entitled to sue upon the contract. The certificate, fairly and reasonably construed, means, we think, that if the insured should choose to make a last will in which devisees should be named, then such devisees were to become the beneficiaries entitled to receive and recover the sum collected by assessment on account of the certificate. But no obligation was imposed upon the insured to make a last will. He might, if he chose, leave his estate to be divided among legal heirs as the law should direct its division; and, in that event, as no devisees would exist, the benefits of the certificate would accrue to the heirs. In other words, the effect of the contract is that if the insured has made no will, and if, therefore, no devisees are in existence, his legal heirs shall become the beneficiaries entitled to enforce payment in a suit upon the certificate. This view of the rights of the parties accords with the sense and meaning of the contract.

The only case cited by defendants' counsel in support of his contention upon this point is *Worley* v. *Northwestern Masonic Aid Ass'n,* 10 Fed. Rep. 227, and, at first glance, the opinion of Judge Love, concurred in by Judge McCrary, seems opposed to the views we here express. But we think that case is distinguishable from the one at bar. In the case cited, as we conclude from the reported statement of facts, the defendant contracted to pay to the devisees of the decedent certain sums of money, and this was the extent of its obligation. In no specified contingency was the money to be paid to any other persons than devisees. It appears that the decedent made no will, and therefore, as there were no devisees, the administrator brought suit on the policy, and it was held that he could not maintain the action because the sum which the corporation expressly and only agreed to pay to the devisees of the deceased was not a part of the estate, and therefore was not recoverable as such by the ad-

ministrator. `Expressions in the opinion of the court indicate that in the view taken of the case even the legal heirs of the decedent could not have recovered on the certificate; but the sole question in judgment was whether the administrator could maintain the action, and in that view it may be conceded, for the purposes of the present discussion, that the case was rightly decided. It was there said that neither the decedent nor the defendant corporation intended by their contract to provide for the widow, heirs, orphans, or creditors of the decedent, but only for his devisees, and as there were no devisees, there was no beneficiary in existence who could enforce the contract. In no contingency was the insurance to be paid to any other persons than devisees. `Without, therefore, questioning here the correctness of the ruling upon the precise point there decided, we think that decision does not meet the case at bar, and that the plaintiffs are the present holders of the legal interest in the certificate in suit.

The remaining point raised by the demurrer presents a more serious question, namely: Conceding that the heirs of the decedent are the legal beneficiaries entitled to the benefits conferred by the certificate, what are the rights of the parties respecting a recovery upon the certificate on failure of the association to pay the death loss? The theory upon which the suit is brought is that, as in the case of an ordinary life policy of insurance, the plaintiffs are entitled to recover the full sum named in the certificate, without regard to the levy of any assessment upon certificate holders, or the collection by the association of any amount so levied. After deliberate consideration of the question, we are of opinion that this is an erroneous view of the relations and rights of the parties under the certificate. The association covenants in its agreement, not absolutely to pay the sum of $2,500, but to levy an assessment upon all members holding certificates at the time of the death of the deceased member, and to pay the sum so collected on such assessment as a benefit to the designated beneficiaries, such payment in no case to exceed the sum of $2,500. Thus it is apparent that the obligation of the association is only to pay whatever amount is collected from other certificate holders, not exceeding the sum named. Suppose that no assessment whatever is made, or suppose, an assessment being made, nothing is collected, is the association liable, absolutely, for the sum named in the certificate, in an action like the present? If not, what is the remedy for failure to levy an assessment, or for failure to collect the amount of an assessment actually made but not responded to by the holders of certificates? If it appeared that an assessment had been levied, and the amount thereof had been collected, but its payment to the beneficiaries refused, there would be no doubt, in the absence of other grounds of defense, of the plaintiff's right to recover in a money action the sum so collected, not exceeding $2,500. But this state of the case is not alleged. And, indeed, it was admitted on the argu-

ment that no assessment was levied to pay this loss, and therefore no sum had been collected for that purpose by the association from certificate holders. Hence the difficulties above suggested.

It seems clear that the right acquired by virtue of the certificate held by the decedent was to an assessment upon all members holding certificates, and the payment of the amount collected on such assessment within a prescribed period of time, the assessment not to exceed the limit of the particular certificate. We were at first disposed to think that it was incumbent upon the plaintiffs, in any view of the case, to make a demand for an assessment in order to lay the foundation of a recovery. But we are now convinced that the duty to make an assessment was imposed by the contract, and if the association failed in this duty, the beneficiaries had the right, by appropriate proceedings, to compel the performance of it. Undoubtedly a court, in such a proceeding, could enforce the discharge of that duty by compulsory measures against the officers and managers of the association, or, perhaps, through its own officers, by making the necessary assessment and collection at the cost of the association, or of the certificate holders assessed. It is quite clear that every certificate holder agreed to look for payment to the specific mode set out in the certificate; that is, by assessments and collections within a certain limit as to the amount to be assessed. The holders of certificates are co-members of the association, who have, in effect, agreed to insure each other, and have stipulated as to the mode in which their liability to the heirs or devisees of a deceased member may be ascertained and enforced. But this plan would be defeated altogether if such heirs or devisees could obtain a judgment against the association for the amount limited in the certificate, without regard to any assessment or any amount collected on an assessment, and enforce payment in the ordinary mode in which judgments for money are enforced. To this it may be replied that the association is liable to suit for breach of covenant if it fails to make the required assessment. This may be so. But, if so, what would be the measure of damages? To say that the measure of damages would be the amount of the certificate, with the interest from the date when it should have been paid, and to give judgment therefor against the association, would be to ignore the fact that the parties have provided a specific mode for the payment of the sum named in the certificate, viz., an assessment against and collection from the living members. The ordinary life policy rests upon the promise of the company to pay the sum therein named. A policy-holder in such a company is under no obligation to pay anything for the benefit of the holders of other policies. Here the insured pays seven dollars to insure a member, and agrees to meet mortuary assessments from time to time, as set out in the conditions of the certificates. The association does not contract absolutely itself to pay the sum named in any certificate, but, as we have seen, only that it will assess the living members and

pay over, within a certain time, the sum collected on such assessment.

The scheme is a peculiar one, but we do not perceive how the court can avoid its peculiarities and impose upon the association an obligation directly to pay money which it did not in that form assume. We hold, therefore, that, to entitle the plaintiffs to recover in their present form of action, they must allege and show that the association has levied an assessment upon certificate holders to pay the death loss, and has collected the amount of such assessment, and has failed to pay the sum so collected. In short, to maintain this action, it must appear that the association has in its hands the money collected by assessment which it ought to pay to the plaintiffs as the beneficiaries entitled to the same. If the association has failed to make the required assessment, or, having made an assessment, has neglected to collect the same, the plaintiffs' remedy is in some other form of action or proceeding.

The demurrer to the complaint is sustained, with leave to the plaintiffs to amend within 30 days, as they shall be advised.

Mr. Justice HARLAN heard the arguments of counsel, and concurs in this opinion.