[No. 9247.  Department One. — January 27, 1886.]

In the Matter of the Application of LA SOLIDA-
RITE MUTUAL BENEFICIAL ASSOCIATION.
ELIZA LITTLE et al., Contestants and Appel-
lants.

Beneficial Association — By-laws — Assessment. — The by-laws of the
petitioner, a benevolent association, provided that upon the death of a
member, and in order to make up the amount to be paid to his nominee,
each member should pay one dollar, and that the nominee should be
entitled to receive from the association the amount collected on the as-
sessment to be levied therefor.  Held, that a nominee was only entitled
to receive the amount actually collected on an assessment made for his
benefit, and not a sum equal to one dollar from each member.

Id. — Resolution Increasing Assessment — Ratification by Directors.
— At a meeting of the members of the association, a resolution was
passed directing a larger amount to be paid to certain nominees than the
amount of the respective assessments collected for their benefit.  A by-
law of the association provided that no money could be drawn or appro-
priated from the treasury without the order of the directors.  Held, that
in the absence of an adoption or ratification by the directors, the resolu-
tion was inoperative.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco, and from an order re-
fusing a new trial.

The facts are stated in the opinion.

*F. J. Castelhun*, and *S. H. Henry*, for Appellants.

*A. C. Bradford*, and *Robert Ferral*, for Respondent.

Belcher, C. C. — This is an application by a beneficial
association for leave to disincorporate.  Eliza Little filed
objections to the application, in which she alleged, among
other things, that her husband died on the twenty-ninth
day of January, 1882, a member of the association; that
at the time of his death, there were 355 members, and
that she was the nominee of her husband, and as such
entitled to receive $355, but had only been paid $150.

The case was tried, and judgment entered dissolving

the corporation, from which, and from an order denying a new trial, the appeal is prosecuted.

The findings do not meet all the issues raised by the objections, but as a reversal for this reason would not benefit the appellant if the other questions are decided against her, she seems in effect to have waived this point.

The real question presented for decision is: Was the appellant entitled to receive as many dollars as there were members of the association at the time of her husband's death, or only such sum as was actually collected from the members upon the assessment made for her benefit?

By the by-laws, it was provided that upon the death of a member, and in order to make up the amount to be paid over to his nominee or nominees, each member should pay one dollar in gold or silver coin.

It was further provided that at the death of a member who had regularly paid his assessments, his nominee or nominees should be entitled to claim and receive from the association the amount collected on the assessment to be levied therefor.

What is the meaning of these provisions?

It is insisted for the appellant that they should be so construed as to give her one dollar for each member, whether collected or not.   We do not agree with counsel in this.   They seem to us to have a plain and obvious meaning, and not to admit of the construction asked to be put upon them.   While it was provided that each member should be assessed and required to pay one dollar for the benefit of every deceased member's nominee, it was evidently contemplated that some members might fail to pay, and in that event the nominee was to receive only the amount collected on the assessment.

In our opinion, the appellant was entitled to claim from the association only the sum which was actually collected on the assessment, and not one dollar for each and every member.

But if this be so, it is said that at a meeting of the members of the association, held on the first day of April, 1882, a resolution was introduced and passed, "that after the assessment of W. F. Brisac has been collected, the claims of the nominees of the seven decedents remaining unpaid be paid an equal amount as the nominee of W. F. Brisac shall receive"; that the nominee of Brisac received $252, and that Little was one of the seven decedents referred to, and under the resolution his nominee was entitled to claim and receive an equal amount.

It does not appear that the nominee of Brisac was paid any greater sum than the amount collected on the assessment. But whether she was or not, we fail to see how the resolution can aid the appellant. It was not adopted or ratified by the directors, and without their order no money could be appropriated or drawn from the treasury. It is settled law in this state that a "corporation can only act, can only speak, through the medium prescribed by law, and that is its board of trustees." (*Gashwiler* v. *Willis*, 33 Cal. 20.)

Looking at the whole record, we fail to see any error prejudicial to the appellant, and the judgment and order should therefore be affirmed.

Searls, C., and Foote, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.