RAINSBARGER v. THE UNION MUTUAL AID ASSOCIATION.

1. **Life Insurance:** ASSESSMENT PLAN: ACTION FOR AMOUNT OF UN-LEVIED ASSESSMENT. An action by a beneficiary will not lie against a mutual benefit association to recover the amount which would arise from an assessment upon all the members, which assessment it is the duty of the association to make. The proper remedy, if any, in such case is by *mandamus* to compel the officers to do their duty. ·(*Bailey v. Mutual Ben. Asso.*, 71 Iowa, 689, followed.) [BECK, J., *dissenting.*]

*Appeal from Hardin Circuit Court.*

SATURDAY, JUNE 25.

THIS is an action at law on a certificate of membership in the defendant company. The certificate was issued to Enoch Johnson, plaintiff's father, and it constituted him a member of the association. By it the association agreed, in consider-

ation of the payment by said Johnson of certain dues and assessments, to pay, on proof of his death, to plaintiff and her husband, the net proceeds of one full assessment at schedule rates upon all the members in good standing at the date of such death. This agreement is expressed in the following language: "Upon receipt of satisfactory proof of death of a member of the association    *    *    * the secretary shall make an assessment upon each member of the association at the rates prescribed in the following schedule: *    *    *.   Such assessments shall be paid to the secretary within thirty days from the day on which the notice bears date. Five days shall be allowed the secretary for making such notices after the date thereof, and five days' grace shall be allowed the members in addition to the time mentioned in the notice. The proceeds of such assessment, not exceeding the sum of twenty-five hundred dollars, shall be paid to the beneficiary named in the certificate within ninety days from the receipt of satisfactory proofs of death."

It is alleged in the petition that Johnson had in all things performed his part of the agreement, that he was dead, and that proofs of his death had been filed with defendant as required by the contract; but that it had failed and refused to make an assessment on the members of the association, or to collect or pay over the proceeds of such assessment. It is also alleged that the proceeds of one assessment upon all members in good standing at the time of the death would amount to $2,500.   A demurrer to the petition was overruled, and, defendant refusing to plead further, judgment was entered against it for one-half of the maximum amount of the certificate, that being the interest claimed by plaintiff. Defendant appeals.

*Alford & Gates* and *Geo. W. Ward*, for appellant.

*Huff & Pillsbury*, for appellee.

REED, J.—Defendant is a mutual association, having no funds for the payment of death losses except such as may be

realized from assessments on its members. It did not contract for the payment of a specified sum on the death of the members, but its undertaking was that it would make an assessment on its members at the time of the death, and pay over the proceeds of such assessment to the beneficiary. The question raised by the demurrer is whether, upon the refusal of the defendant to make the assessment to pay a death loss, an action at law can be maintained for the recovery of such sum as it might be supposed would have been realized if the assessment had been made. We considered this question in *Bailey v. Mut. Ben. Ass'n*, 71 Iowa, 689, and we there held that the action could not be maintained. The remedy of the beneficiary, if any, is by a proceeding to compel the association to make the assessment. It is fair to the circuit court to say that that decision was made since the judgment was rendered in this action. Following that holding, the judgment will be

REVERSED.

BECK, J., dissents on the ground expressed in his dissenting opinion in *Bailey v. Mutual Ben. Ass'n*, cited in the majority opinion.