[No. 13122. Department Two. — June 26, 1891.]

MARY E. DEARDORFF, RESPONDENT, *v.* GUARANTY MUTUAL ACCIDENT ASSOCIATION, APPELLANT.

LIFE INSURANCE — MUTUAL ACCIDENT ASSOCIATION — ASSESSMENT PLAN — PLEADING — VARIANCE — NECESSARY AVERMENTS. —In an action upon a life insurance policy issued by a mutual accident association doing business under the mutual assessment plan, which policy makes the insured a full-rate member and provides that the sum insured is to be realized upon an assessment made in accordance with the by-laws, and that the association would pay the amount realized from one assessment upon all the members at the time of the accident, not exceeding the sum of five thousand dollars, the complaint must allege that an assessment was made and collected, and what was the amount thereof, or that it was demanded and refused. A complaint merely alleging an absolute insurance in the sum of five thousand dollars does not state the true cause of action.

ID. — RULE OF PLEADING — VARIANCE OF PROOF — APPEAL — REVERSAL
OF JUDGMENT. — The general rules of pleading apply to such an action,
and the plaintiff, as in other cases, must show by proper averment his
true cause of action, and the relief to which he is entitled; and when
the answer and the evidence disclose that the plaintiff's true cause of ac-
tion materially varies from the cause of action alleged, a judgment in his
favor will be reversed upon appeal.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*I. B. L. Brandt*, for Appellant.

*Whittemore & Sears*, for Respondent.

TEMPLE, C. — Appeal from judgment and order deny-
ing defendant a new trial.

This action is upon a life insurance policy issued by
the defendant, which is a mutual insurance society upon
the assessment plan. In this case the policy or certifi-
cate declares that the society accepts J. R. Deardorff " as
a full-rate member of said association, subject to all the
requirements and entitled to all the benefits thereof.
The principal sum, not exceeding five thousand dollars,
realized upon an assessment in accordance with the by-
laws, to be paid Mary E. Deardorff (wife), if surviving,
. . . . within sixty days after satisfactory proof that
said member at any time," etc. " Said association shall,
upon the surrender of this certificate, pay the amount
realized from one said assessment upon all the mem-
bers, at the time of the accident, of said association, to
the member above named, not, however, exceeding the
sum of five thousand dollars," etc.

The complaint contains no allegation of an assess-
ment or of a demand that an assessment be made, and
a refusal by the corporation, nor any averment as to
the number of members, or what an assessment would
amount to under the by-laws referred to, nor are there

any *data* given in any form by which the court can arrive at such conclusion, nor does it appear that an assessment has been collected, or that the corporation has any money. There is, in fact, a total omission of any allegation upon the subject.

The complaint is not, however, defective in this respect, for it avers an absolute insurance in the sum of five thousand dollars.

The true nature of the policy is set up in the answer, in which the certificate or policy of insurance is set out at large, and its genuineness is admitted.

Nor was there any attempt at the trial to prove an assessment or a demand that one be made, or a refusal, or the number of members, or to what one assessment would amount.

It is manifest that the judgment for the plaintiff must be reversed. The general rules of pleading apply to cases of this character, and the plaintiff, as in other cases, must show by proper averment his true cause of action and the relief to which he is entitled.

Many other points are raised by the appellant, but there is no appearance here on the part of respondent, and the questions may not arise upon another trial.

We advise that the judgment and order be reversed, with leave to plaintiff to amend her complaint if she shall be so advised.

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, with leave to plaintiff to amend her complaint if she shall be so advised.