(May  29,  1902.)

## REED v. ANCIENT ORDER OF RED CROSS.

[69 Pac. 127.]

MUTUAL BENEFIT ASSOCIATIONS—INSURANCE—ACTION AT LAW ON CERTIFICATE.—An action at law will lie on a certificate of membership which provides that upon death of the member the association will pay to the beneficiary therein named, out of the mortuary fund, the amount of one assessment on the membership not exceeding $2,000.

SAME—SUSPENSION OF SUBORDINATE LODGE—NOTICE OF SUSPENSION.— Where the constitution of the association provides that upon the failure of a subordinate lodge to make a monthly report, and to remit assessments, the secretary of the supreme lodge shall give notice, using a form prescribed, in writing, and mail such notice to the president, secretary, and treasurer of the subordinate lodge, the failure to make such report and remittance does not, in the absence of such notice, work a suspension of the subordinate lodge.

SAME—ASSESSMENTS—PAYMENTS—AGENCY.—Where it is expressly provided in the constitution of the association that the secretary of a subordinate lodge shall collect and forward to the supreme lodge all assessments against members, such secretary is the agent of the supreme lodge, and payments of assessments by members to such secretary is payment to the supreme lodge, notwithstanding the constitution declares in general terms that the officers of subordinate lodges are agents of the members, and not agents of the supreme lodge.

(Syllabus by Quarles, C. J.)

APPEAL from District Court, Kootenai County.

Charles L. Heitman, for Appellant.

The court erred in overruling defendant's objection to the introduction of any evidence by plaintiff because the complaint did not state a cause of action or cause of suit, and on the further ground that plaintiffs have mistaken their remedy, the action being one at law for a specific sum of money, but it is based upon a benefit certificate which does not call for any specific amount beyond the extent of one assessment on the membership of

defendant. If the association has failed to make the required assessment, or having made an assessment has neglected to collect the same, the plaintiff's remedy is in some other form of action or proceeding. (*In re La Solidarite Mut. Ben. Assn.*, 68 Cal. 392, 9 Pac. 453; *Curtis v. Mutual Ben. Life Ins. Co.*, 48 Conn. 98; *Covenant Benefit Assn. v. Sears*, 114 Ill. 108, 29 N. E. 480; *Bailey v. Mutual Assn.*, 71 Iowa, 689, 27 N. W. 770.) "If it be true that no assessment was made to pay the claim in question, the plaintiffs probably are not without their remedy, but their remedy is manifestly not an action at law to recover what would be the amount of the assessment if made." (*Newman v. Covenant Ben. Assn.*, 72 Iowa, 242, 33 N. W. 662; *Rainsbarger v. Union Mutual Aid Assn.*, 72 Iowa, 191, 33 N. W. 626.) "We hold that the action could not be maintained. The remedy of the beneficiary, if any, is by a proceeding to compel the association to make the assessment." (*Deardoff v. Guaranty Mut. Acc. Assn.*, 89 Cal. 599, 27 Pac. 158; *Burdon v. Massachusetts Safety Fund Assn.*, 147 Mass. 360, 17 N. E. 874.) The authority of an agent or officer is not presumed. It must be proven, and the burden is on plaintiffs. The proof must be clear and specific. (1 Am. & Eng. Ency. of Law, 2d ed., 968.) Had it appeared that Gilmore was not authorized to perform the duties of secretary, while not a member in good standing, then he would not have been authorized to receive the money from Maurice Dobbins, and the payments to him by Maurice Dobbins could not have availed to the benefit of Dobbins or his beneficiary and could not have bound the defendant. (*Carlson v. Supreme Council*, 115 Cal. 480, 47 Pac. 375.) If the subordinate lodge was in a state of suspension at the time of Dobbin' death, then Dobbins himself stood suspended, and was not a member in good standing of the defendant order. (*Supreme Lodge v. Abbott*, 82 Ind. 1.)

McFarland & McFarland, for Respondents.

"When a certificate of insurance provides that the society will pay the beneficiary a certain sum on the death of the insured

from the death fund of the society, and that whenever the death
fund is insufficient to meet the existing claims by death an
assessment shall be made on the members, the beneficiary can
maintain an action at law for the amount of the certificate,
though the death fund was not sufficient to meet the claim
at the time of the death of the insured, owing to the society's
failure to make an assessment." (*Darrow v. Family Fund
Soc.*, 116 N. Y. 537, 15 Am. St. Rep. 430, 22 N. E. 1093.)
"The claim of the defendant that the plaintiff should have
instituted some proceeding, equitable or otherwise, to compel
it to levy an assessment to pay her claim, instead of bringing
an action, is not tenable." (See authorities in *Darrow v.
Family Fund Society, supra.*)    "An allegation to the effect that
the deceased did not meet death by any cause prohibited by the
constitution of the defendant order being sufficient, the burden
of proof is on the defendant to show that the deceased died
from any prohibited cause." (*Woodmen of the World v.
Gilliland,* 11 Okla. 384, 67 Pac. 485; *Dennis v. Union Mutual
Life Ins. Co.,* 84 Cal. 570, 24 Pac. 120; *Buffalo Loan etc. De-
posit Co. v. Knights Templar etc. Mut. Aid Assn.,* 56 Hun.
303, 9 N. Y. Supp. 346, and cases cited.)

QUARLES, C. J.—The appellant, a corporation organized
as a fraternal society for the protection of its members against
loss by reason of accident and death, issued, through its su-
preme president and supreme secretary, on the twenty-eighth
day of April, 1900, a certificate of membership to one Maurice
Dobbins, in which it agreed to, and did, insure the said member
against injury from accident and death, upon certain terms
and conditions.    In said certificate, among other things it is
stipulated "that Maurice Dobbins has been regularly admitted
a member of Clarks Fork Lodge 2, located at Clarks Fork,
Idaho, and while in good standing in this fraternity is entitled
to all the benefits of membership; and at death his beneficiary,
being Courtie Dell Reed, related to him as a sister, shall be
permitted to participate in the mortuary fund to the amount
of one assessment on the membership, not exceeding the sum of

$2,000, which sum will be paid to said beneficiary within ninety days after satisfactory proof of such member's death shall have been received by the supreme trustees." This action was commenced upon said certificate, and the complaint alleges the performance of the conditions required of said member, Dobbins, during his life, and the performance of all the conditions required of the said beneficiary, the respondent, Courtie Dell Reed, after the death of said member. The complaint also alleges "that at the time of the death of said Dobbins there existed and remained, and ever since has existed and remains, a mortuary fund, belonging to said defendant, ample and sufficient to pay the amount of said insurance, to wit, the sum of $2,000, and out of which it is proper and just that the same should be paid, and which said mortuary fund was and is created for the purpose of paying such claims." There is no specific allegation in the complaint as to the amount of money that one assessment on the membership would produce. There was no demurrer to this complaint, and the defendant answered, denying the allegations of the complaint, except as to the corporate existence of the defendant and the issual of said benefit certificate. The answer also avers and sets forth some of the provisions of the constitution, which will hereafter be discussed. The cause was tried before the court and a jury. After the jury was sworn, and the respondents had called their first witness, the appellant objected to the introduction of any evidence on the ground that the complaint did not state a cause of action, and that the complaint shows that the plaintiffs had not sought the proper remedy. Counsel for appellant, in stating said objection, said: "This is an action solely for money, but it is based upon this benefit certificate, which does not provide they shall be paid the specific sum of $2,000, but gives the beneficiary the right to participate in the mortuary fund to the extent of one assessment on the membership of that order; and they are not entitled, under their beneficiary certificate, to an absolute money judgment, and have, therefore, brought their suit wrong." This objection was overruled, to which appellant excepted, and the first assignment of error

is based upon this action of the court, and is stated in the record
as follows: "The court erred in overruling defendant's objec-
tion to the introduction of any evidence in behalf of the plain-
tiffs in this cause, made upon the ground that the complaint
does not state a cause of action or a cause of suit, and that the
complaint in this cause shows upon its face that the plaintiffs
have not sought the proper remedy, the said action being an
action solely for money; but it is based upon a benefit certificate
which does not provide for the payment of any specific sum
of money, and gives the beneficiary the right to participate
in a mortuary fund to the extent of one assessment on the
membership of the defendant order." Counsel for appellant
devotes a large part of his brief to a discussion of this assign-
ment of error. He contends that the respondents mistook their
remedy, and that the proper remedy was a suit in equity for
specific performance, and cites the following authorities:
*Smith v. Association* (C. C.), 24 Fed. 685; *In re La Solidarite* ·
*Mut. Ben. Assn.,* 68 Cal. 392, 9 Pac. 453; *Curtis v. Insurance
Co.,* 48 Conn. 98; *Association v. Sears,* 114 Ill. 108, 29 N. E.
480; *Newman v. Association,* 72 Iowa, 242, 33 N. W. 662;
*Rainsbarger v. Association,* 72 Iowa, 191, 33 N. W. 626; *Bailey
v. Association,* 71 Iowa, 689, 27 N. W. 770; *Deardorff v. As-
sociation,* 89 Cal. 599, 27 Pac. 158; *Burdon v. Association,* 147
Mass. 360, 17 N. E. 874, 1 L. R. A. 146. We have carefully
examined each of the decisions cited, and find that none of them
are in point. The certificate sued on in this case is entirely
different from those involved in the cases cited. In the cases
cited the respective benefit associations undertook to pay to
the nominee or beneficiary after the death of the assured, the
proceeds of an assessment less costs and expense of collection,
not to exceed in amount a certain sum. Here the stipulation
is that the appellant will pay out of the mortuary fund "the
amount of one assessment," not to exceed $2,000. The com-
plaint alleged a mortuary fund in the appellant's treasury to
exceed the maximum amount of the mortuary benefit stipulated
in the certificate, and proved that there was some five or six
thousand dollars in said fund. The facts alleged in the com-

plaint justify the inference that one assessment on the membership amounted to more than $2,000, and there is no contention on behalf of appellants that one assessment on the membership would not produce $2,000 or more. The amount of "one assessment on the membership" is a matter particularly and peculiarly within the knowledge of the appellant, and not to be presumed to be within the knowledge of the respondents. While the complaint did not state positively that one assessment on the membership amounted at the date of the death to $2,000, yet it does not appear in the record that that objection to it was ever made in the lower court; and after verdict and judgment we will not hold that defect in the complaint fatal, the specific objection not having been raised by special demurrer on the ground of uncertainty in the trial court.

The transcript contains the constitution and general laws of the appellant. Section 27 thereof contains the following provision: "He [a member] shall be liable for all subsequent benefit assessments in accordance with the laws of the order. The rate of assessment shall be [gives table of rate of assessment from age sixteen to fifty-five years], which assessment shall be for the purpose of creating a mortuary fund out of which to pay the mortuary claims of the order, and no part of the mortuary fund shall be used for any other purpose." The complaint defectively stated a cause of action. The only defect in the statement thereof in the complaint was the uncertainty as to the amount of one assessment on the membership, but this objection could only be made by special demurrer, and, if not made in that way, was waived. (Rev. Stats., secs. 4174, 4178.) It must be kept in mind that the stipulation in the certificate was to pay, not the proceeds of one assessment of the membership, less expenses and cost of collection, not exceeding $2,000, but that the said beneficiary should be paid out of the mortuary fund the sum of the amount of one assessment on the membership. The assessment is referred to in the certificate to fix the extent of the liability of the appellant, and not with the intent or purpose of creating a fund with which to pay the death loss. The stipulation is not to pay out of the assessment,

but to pay out of the mortuary fund the amount of one assess-
ment, not the amount collected from one assessment, less cost
of collection; and herein lies a clear distinction between this
case and the cases cited by appellant, and hereinbefore cited.
In *Newman v. Association, supra,* the court, *inter alia,* said:
"The extent of the defendant's obligation is fixed by the cer-
tificate of membership. The association does not agree to pay
any sum from any general fund, nor does it provide any gen-
eral fund. It merely agrees to levy an assessment, and pay over
such sum as may be collected upon it, less expenses," etc.   In
*Rainsbarger v. Association, supra,* the court, in speaking of
the obligation of the association, said: "It did not contract for
the payment of a specified sum on the death of the members,
but its undertaking was that it would make an assessment on
its members at the time of the death, and pay over the proceeds
of such assessment to the beneficiary."

We now come to the principal contention of appellant, which
is that Clarks Fork Lodge, No. 2, was in suspension at the time
of the decease of the assured; hence that the appellant is not
liable on said certificate.   The record shows that it was proven
at the trial that said lodge was organized or chartered May 4,
1900; that the assessments collected from the members by the
secretary of said subordinate lodge were not forwarded for
the months of July and August, and no monthly reports for
the months of July, August, September, and October, 1900,
were sent to the supreme lodge by the secretary of the said
subordinate lodge until the eighth day of January, 1901, when
such reports and assessments were remitted and transmitted
by the secretary of said subordinate lodge to the supreme lodge;
that the supreme lodge accepted the assessments of all the
members, except those of said assured Maurice Dobbins, but
refused to accept his assessments.   The evidence shows that
said assured died November 19, 1900; that he paid all his
assessments and dues to the secretary of the said subordinate
lodge, the last one being paid by the hands of another while
he was sick in November.   It is claimed by the appellant that
the failure of the secretary of the subordinate lodge to transmit

said assessments from its members to the supreme lodge, and his failure to send monthly reports, worked a suspension of said subordinate lodge and all its members, and that it was out of the power of the supreme lodge to reinstate a dead member. Section 30 provides for suspension of individual members, but as there is no claim that the assured was suspended, other than by the suspension of the lodge, section 30 has no application, for the reason that the assessments and other dues and taxes from said assured were promptly paid. By the terms of section 40, a lodge, to be suspended for nonpayment of assessments and failure to make monthly reports, must have notice of such suspension, and which must be given by the supreme secretary, in writing, to the president, secretary, and treasurer of the subordinate lodge. This was not done in the case at bar until March 15, 1901. Then, after giving such notice of suspension, the supreme lodge accepted the assessments of all the members of said subordinate lodge, except the assured, Dobbins, and refused to accept his on the ground that it would not reinstate a dead man. In law, the said Dobbins was not suspended during his lifetime, nor was the subordinate lodge of which he was a member suspended during his lifetime. But it is contended that the secretary of said subordinate lodge was the agent of the members of said lodge, and not an agent of the supreme lodge, and it is argued that payment of assessments by the assured to said secretary of the subordinate lodge were of no avail. There is no merit in this contention. It is true that it is provided in section 17 of the association's constitution that the officers of the subordinate lodge "are the agents of the members of the subordinate lodge, and not for any purpose whatever agents of the supreme lodge." But in section 21 of said constitution it is also provided that the secretary of the subordinate lodge shall, among other things, do the following acts: "He shall collect all money due the supreme lodge from the members of the lodge, giving a receipt therefor. He shall promptly remit all moneys due the supreme lodge," etc. Under this section the secretary of a subordinate lodge must pay into the treasury of such lodge all moneys collected by

him, except. such as are collected for the supreme lodge, and those he shall forward to the supreme lodge. Construing these two sections together, we must hold that the secretary of the subordinate lodge is not the general agent of the supreme lodge, but is its special agent for the purpose of collecting assessments and dues from the members, and forwarding the same to the supreme lodge. The person to whom the member is to pay his assessment is arbitrarily fixed by the constitution, and the member could not pay to any other. Having paid to the one expressly authorized by the supreme lodge, he is not individually responsible for the default or defalcation of the one to whom he is commanded by the supreme lodge to pay. And we must hold that the supreme lodge, having failed to give the notice of suspension of the subordinate lodge as required by its constitution, must suffer the loss, if any, occasioned by the secretary of the subordinate lodge failing to remit moneys which he had collected for it, especially when it has failed to give the subordinate lodge such notice. The record shows that the assured, Dobbins, acted in good faith, and performed every act required of him; and it would be inequitable to hold that his beneficiary must suffer for the laches of one over whom neither the assured nor his beneficiary had any control, and one who was the authorized agent of the appellant.

A number of other errors are assigned by appellant, but, after carefully examining them, we are of the opinion that what we have already said fully disposes of all the issues in the case.

Finding no error in the record, the order denying a new trial and the judgment are affirmed. Costs awarded to respondents.

Sullivan and Stockslager, JJ., concur.