## CONTINENTAL BENEFICIAL ASS'N v. ARBOGAST et al.

No. 7636—Opinion Filed July 25, 1916.

Rehearing Denied Oct. 17, 1916.

Second Petition for Rehearing Denied March 6, 1917.

(163 Pac. 512.)

### Insurance — Mutual Benefit Insurance — Amount of Liability.

A mutual benefit association issued a fraternal certificate of insurance upon the life of A. The original company was succeeded by a second company, which, in turn, was succeeded by a third, and it in turn by a fourth. Each succeeding company issued an assumption certificate, accepting the preceding certificate with modifications and conditions. The assumption certificate of the third company, accepting the assured as a member, was conditioned upon his payment of dues regularly, and was expressly made subject to the constitution and by-laws of the company as they then existed or might thereafter be amended. The constitution at the time provided that all members holding certificates of membership providing for death benefits, written at a lower rate than the table of rates provided by the constitution of the order, might continue to pay the present rate, but such certificate should be charged with the difference between the rate paid by the member and the rate provided in the constitution for a period equal to the expectancy of life, based upon the American Experience Table of Mortality, which should be deducted from death benefits that might become due thereunder. The defendant, the fourth company, in its assumption certificate accepted A. as a member, conditioned that in no case should he be entitled to greater benefits that he would have been if he had remained in the third and preceding company. Held, that in a suit to recover upon the certificate, the defendant the fourth company may deduct from the amount of the certificate the difference between the rate paid by the member and the rate named in the constitution of the third and preceding company, for a period equal to the expectancy of life of a person of that age, based upon the American Experience Table of Mortality.

(Syllabus by Edwards, C.)

Error from District Court, Cleveland County; F. B. Swank, Judge.

Action by Mary M. Arbogast for herself and as guardian, and others against the Continental Beneficial Association. Judgment for plaintiffs, and defendant brings error. Reversed and rendered.

Ben F. Williams and John E. Luttrell, for plaintiff in error.

W. L. Eagleton and Thomas W. Mayfield, for defendants in error.

Opinion by EDWARDS, C. In 1908, the Improved & Perfected Home Relief Association, an Oklahoma concern, issued a certificate of fraternal life insurance to one Orlando M. Arbogast, the face of the certificate indicating the sum of $1,000, age 50 years, premium $1.60 monthly. In 1911, the American Patriots of Springfield, Ill., took over the Oklahoma company, and issued to the assured what might be called an assumption certificate. In the early part of the year 1912, the American Patriots consolidated with the Americans of California and the Americans of Illinois and took the name, "Americans," and issued an assumption certificate to the assured. In the latter part of the year 1912, the Americans consolidated with the Continental Beneficial Association of Pennsylvania, taking the name of the Pennsylvania company, which company issued an assumption certificate to the assured. In February, 1912, the assured died and Mary M. Arbogast, for herself and as guardian for certain minor children joined with other heirs, brought suit upon the certificate issued by the Oklahoma concern, as a policy of insurance for $1,000, attaching to said petition a copy of the original certificate and a copy of the assumption certificate issued by each of the succeeding companies, alleging substantially the facts as above set out. The plaintiff in error, after preliminary motions, filed a general demurrer to the petition, which was overruled and exceptions saved, and later filed an answer and an amended answer, and the defendants in error by way of reply filed a general denial. The Home Relief Association, if the face of its certificate, alone, were considered, evinced a fine disregard for the laws of the mortuary tables, in issuing a policy for $1,000 upon the life of the assured with accident features included, at the age of 50 years, for a premium of $1.60 per month, but a long list of conditions are attached and reference thereto is made in the certificate proper, under the title, "Conditions referred to and made a part of this certificate." The significant parts of which to be considered here are as follows:

"Should death occur after two years from the date of his or her certificate, the full amount specified in his or her certificate

shall be paid: Provided, however, that the payment of such certificate or any part thereof, shall be based upon and shall not exceed the amount accumulated by one assessment on the entire beneficiary membership of the association in good standing * * * the full amount, when paid, in no case to exceed the amount of one such assessment. * * *"

In the assumption certificate issued by the Americans to the assured, it is provided that the said Americans—

"* * * hereby accepts the said above-named person as a member of the Americans, on the conditions that said member pay his assessments regularly every month and that he shall abide and be subject to the constitution and by-laws of the Americans in force or as they may be hereafter amended. * * *"

The constitution of the Americans (section 1, article 30) at that time, provided, in substance, that all members holding certificates written at lower rates than the table of rates of such company should continue at the rate then paid by them, but that such certificates should be charged with the difference between the rate paid by said member and the rate named in the constitution, based upon the American Experience Table of Mortality. The schedule provided by the constitution of the Americans at that time, upon the life of a person of 53 years, the then age of the assured, was $3.44, instead og $1.60.

The certificate issued by the plaintiff in error by its terms assumes only the liability of the Americans upon its assumption certificate, so long as assured shall make the monthly payments regularly each month, and further provides:

"* * * It being expressly understood and agreed that the said member shall in no case be entitled to greater benefits than would have been due and payable had the member continued to pay assessments to the Americans."

The amended answer of plaintiff in error admits the facts substantially as alleged in the petition, but pleads the constitution of the Americans, providing that a certificate of membership at a lower rate than that provided by the schedule shall be charged with the difference between the rate paid and the rate named in the constitution, and alleges that as the rate provided by the constitution of the Americans was $3.44 per month per thousand dollars of insurance, and that as the insured paid only the sum of $1.60 per month, the policy of assured should be charged with the difference between said sums, or $1.84 per month or $22.08 per year, during his expectancy of

life, which was 18.79 years, amounting to $414.88. And that the beneficiaries are entitled to the difference between such amount and the sum of $1,000, which difference is $585.12, and which sum plaintiff in error tenders into court. The argument in the briefs of counsel herein are directed mainly to assignments of error as follows: (1) Error in overruling the demurrer to the petition. (2) That the amount of recovery is too large.

Plaintiff in error, upon the first assignment, contends that the certificate of insurance issued by the original insurer promised to pay the sum of $1,000 only upon the proviso that the payment should be based upon and should not exceed the amount accumulated by one assessment upon the entire beneficiary membership, and that the sum of $1.000 named in the certificate is a limitation; that it is necessary that the petition allege the making of the assessment as provided in the certificate or the failure on the part of the company to make one, and the amount that would have been raised should such an assessment have been made—citing in support thereof, numerous authorities, among them, Supreme Lodge v. Meister, 78 Ill. App. 649, Smith v. Association (C. C.) 24 Fed. 685, Curtis v. Co., 48 Conn. 98, O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954, Taylor v. Union, 94 Mo. 35, 6 S. W. 71, Kaw, etc., Association v. Lemke, 40 Kan. 142, 19 Pac. 337, which authorities sustain the contention made. The defendant in error insists that the demurrer to the petition was never urged upon this ground, and that the trial court had no opportunity to pass upon the question now raised. This statement is not controverted by the plaintiff in error and the record does not enlighten us as to the method pursued in presenting the demurrer in the trial court, there being a bare recital that the demurrer was overruled and exceptions allowed. We think it unfair to a trial court, in matters of this kind, that a general demurrer be presented and overruled pro forma without calling attention of the trial court to the particular point sought to be raised by the demurrer. It is evident here that if the authorities cited by counsel in his brief had been called to the attention of the trial judge, the ruling upon the demurrer would have been different. The petition will be treated as amended.

A consideration of the original certificate with the assumption certificate of each succeeding company, and the limitations therein contained, together wtih the limitation contained in the constitution of the Americans, at the time the assured became a member thereof, in reference to members paying a

less rate than provided by its Constitution, makes it clear to our mind that the basis of recovery against the plaintiff in error is such part of $1,000 as the rate paid by the assured bore to the rate provided by the constitution of the Americans based upon the American Experience Table of Mortality; that the assured when he accepted the certificate of the Americans and of the plaintiff in error was bound by the provisions of such certificate and by the provisions of their by-laws and constitution. That plaintiff in error in issuing its assumption certificate containing conditions and modifications, which were accepted by assured, is bound only to the extent of its agreement with assured, and that agreement is to carry out the contract between assured and the Americans.

The judgment is reversed and the cause remanded, with directions to the trial court to render judgment for plaintiff below for $585.12, the amount tendered in the pleadings, but the cost accrued up to the time of tender, not having been tendered, cost and interest will not be affected.

By the Court: It is so ordered.