[Civ. No. 987. Fourth Appellate District.—October 24, 1932.]

WILLIAM LA PLANTE, Appellant, v. WM. T. HOPPER et al., Respondents.

Bradner W. Lee, Jr., and Kenyon F. Lee for Appellant.

Lawler & Degnan for Respondents.

BARNARD, P. J.—This action was brought for the purpose of annulling an assessment upon, and restraining the defendants from selling, the plaintiff's stock in the defendant corporation. A demurrer to the second amended complaint was sustained without leave to amend and judgment of dismissal entered, from which judgment this appeal is taken.

It appears from the second amended complaint that a portion of the articles of incorporation of the respondent corporation had been amended to read as follows:

"Eighth: The corporation shall have power and authority to levy and collect assessments upon all of its subscribed, issued and outstanding capital stock, in accordance with the provisions of Sections 332, 333, 334, 335 and 336 of the Civil Code of the State of California, as amended by Chap. 711 of the Statutes of 1929."

The only point raised by the appellant is that under sections 290 and 331 of the Civil Code, these articles of incorporation, as so amended, conferred no power to levy an assessment for the reason that the quoted amendment purports to give such power to the corporation itself, and not to the board of directors.

The portion of section 290 of the Civil Code relied upon, at that time read as follows:

"8. The articles of incorporation may also contain provisions; . . .

"(b) Granting or denying to the directors the power to levy assessments upon the shares or any class thereof, or restricting such power; . . . "

The pertinent part of section 331 of this code then read as follows:

"Shares are not assessable except as provided in this article. If the articles expressly confer such authority, and subject to any limitations therein contained the directors of any corporation may in their discretion, levy and collect assessments upon all shares of any or all classes made subject to assessment by the articles."

██ Section 331 was amended to read as above in 1929, and these articles of incorporation were later amended as above indicated. We are unable to agree with the appellant's contention that it clearly appears from section 331 that unless the articles expressly confer "such authority" upon the directors, as distinct from the corporation, no power exists to levy assessments. While the authority referred to must be expressly conferred, section 331 did not expressly state to whom the authority should be given, and we think the granting of such authority by the articles, either to the corporation or to its directors, shows a sufficient conferring of authority under this code section. Such a power as the one in question could be exercised by a corporation only through its board of directors (Civ. Code, secs. 305, 308; *Alta Silver Min. Co.* v. *Alta Placer Min. Co.*, 78 Cal. 629 [21 Pac. 373]; *In re La Solidarite M. B. Assn.*, 68 Cal. 392 [9 Pac. 453]). Reasonably interpreted, section 331 as it then stood provides that where articles of incorporation authorize the levying of an assessment, the same may be done by and at the discretion of the directors. We think it is equally true that the amendment here in question in giving such authority to the corporation, thereby authorized the exercise thereof by the board of directors.

██ Not only must these amended articles be construed as impliedly conferring authority upon the board of directors to levy and collect assessments, but this amendment itself specifically shows that the authority purported to be

given to the corporation was intended to be exercised by the board of directors. The amendment not only states that the corporation shall have power and authority to levy and collect assessments, but it provides that this shall be done "in accordance with the provisions of" sections 332 to 336 of the Civil Code, as amended in 1929. As so amended, section 332 of this code sets forth what a resolution levying an assessment (in accordance with section 331) must contain. The resolution referred to could only be a resolution of the board of directors. Section 333 provides the form of notice of the resolution that must be given, which must state that the assessment was levied at a meeting of the board of directors. Section 335 refers to the resolution levying an assessment and provides that the directors may extend the time. Section 336 provides what the secretary must do at the time of the sale "unless otherwise ordered by the directors". In our opinion these articles of incorporation, as so amended, have expressly provided that the authority thereby given to the corporation is to be exercised by the board of directors. The amended articles having thus expressly conferred the authority upon them, these directors were authorized by section 331 of the Civil Code to levy the assessment complained of.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.